NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOELLE P. JACKSON,

              Plaintiff,

              v.

GEORGE PETERSON, et al.,

              Defendants.

Civil Action No. 24-9205 (MAS) (JBD)

OPINION

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Joelle P. Jackson's ("Plaintiff") civil complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

    Plaintiff is a prisoner currently confined in the Mercer County Correction Center who seeks to raise civil rights claims against several Hopewell police officers related to his arrest, interrogation, and criminal charges. (ECF No. 1 at 2-3.) On November 22, 2022, at 6:30 p.m., three Hopewell police officers, Defendants Peterson, Klesney, and Crane, interrogated Plaintiff as

to unspecified criminal charges. (*Id.* at 8-9.) Prior to this point, Plaintiff asserts he was "intoxicated from alcohol and marijuana." (*Id.*) Plaintiff alleges that he refused to sign a *Miranda* waiver, did not receive proper *Miranda* instructions, and was ignored when requesting counsel and requesting to remain silent. (*Id.* at 9.) Plaintiff thereafter made incriminating statements, which led to his being arrested and charged with unspecified criminal offenses.[1] (*Id.* at 9.) Prosecutors then obtained a search warrant, which was used to search Plaintiff's car. (*Id.*) Plaintiff alleges that his statement was later suppressed by a state criminal judge in April 2024 and that his criminal proceeding is ongoing. (*Id.*) Plaintiff also alleges that his wallet was taken during his arrest. (*Id.*) Finally, Plaintiff alleges that at some point he mentioned a "medical emergency and went nuts," but does not allege what this alleged emergency was, what he did when he "went nuts," or how officers should have responded to this statement. (*Id.*) Based on these limited allegations, Plaintiff seeks to raise claims, including *Miranda* claims, false arrest and imprisonment claims, illegal search and seizure claims, malicious and selective prosecution claims, a claim for deliberate indifference to medical needs, and Due Process claims related to his ongoing criminal charges. (*Id.* at 7-9.)

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

---

[1] Plaintiff briefly mentions that he had "a medical emergency they turned into murder," but does not elaborate, nor does he specifically state that he is subject to murder charges. (*See* ECF No. 1 at 7.)

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

In his complaint, Plaintiff chiefly complains that his *Miranda* rights were not respected when he requested counsel and requested to remain silent during a lengthy police interrogation and that questioning continued until he made an allegedly coerced confession of illegal activity. *Miranda* and its progeny concerning proper warnings prior to custodial interrogation announced prophylactic rules designed to protect a criminal defendant's rights. That police did not respect the *Miranda* rule itself, however, is not a violation of a prisoner's constitutional rights. A violation of a prisoner's rights against self-incrimination and related rights occurs only when an allegedly improper confession is used against him at trial. *See Chavez v. Martinez*, 538 U.S. 760, 773 (2003); *Renda v. King*, 347 F.3d 550, 557 (3d Cir. 2003); *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994); *see also Large v. County of Montgomery*, 307 F. App'x 606, 607 (3d Cir. 2009). As Plaintiff directly alleges that his statements were ultimately suppressed, and therefore *not* used at trial, he has failed to state a plausible claim for relief regarding his Fifth Amendment claims related to the self-incrimination issue.[2]

Plaintiff also attempts to recontextualize his *Miranda* claim as a substantive due process claim. A substantive due process claim related to a coercive interrogation requires that a plaintiff plead facts indicating government behavior that is so egregious and outrageous as to shock the conscience, which in the interrogation context requires allegations that the plaintiff was subjected to improper techniques such as extended isolation, torture, involuntary medical procedures, physical abuse, or the like. *See Callaway v. N.J. State Police Troop A*, No. 12-5477, 2015 WL

---

[2] Plaintiff asserts this claim not only as a *Miranda* claim, but also as a failure to intervene, supervisory liability, conspiracy and *Monell* liability claim, all of which arise out of the alleged improper interrogation. As Plaintiff's underlying constitutional claim—alleging a violation of his self-incrimination rights—fails to state a claim, these derivative claims, too, fail to state a plausible claim for relief.

1202533, at *4 (D.N.J. Mar. 17, 2015). Plaintiff alleges no such outrageous context. Instead, Plaintiff's allegations appear to assert that the *Miranda* violations themselves made the interrogation coercive. As Plaintiff has not pled any allegations of conscience shocking outrageous conduct by the police, he has failed to make out a substantive Due Process claim.

In his next series of claims, Plaintiff asserts that he was subjected to unlawful searches and seizures related to the search of his car pursuant to a warrant and the confiscation of his wallet during his questioning and arrest. Plaintiff also asserts that he was falsely arrested, falsely imprisoned, and subjected to malicious prosecution. Each of these claims requires, *inter alia*, that the plaintiff plead facts suggesting that the officers lacked probable cause to arrest, search, imprison, or charge the plaintiff. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (malicious prosecution); *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (false arrest); *Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (false imprisonment); *see also Gomez v. Markley*, 385 F. App'x 79, 82-83 (3d Cir. 2010) (Fourth Amendment prohibits warrantless unreasonable searches; search made without a warrant is generally unreasonable absent probable cause to suspect evidence of criminality). In his complaint, Plaintiff does not plead any facts suggesting that the officers lacked probable cause. Rather, Plaintiff only pleads that the confession he gave during the interrogation was improper. Likewise, Plaintiff pleads facts suggesting that the two searches—of his car and of his wallet—were made either pursuant to a warrant or incident to his arrest following his interrogation, both of which will generally render a search reasonable and therefore lawful. Absent additional facts suggesting that the officers lacked probable cause to suspect him of criminality without the tainted confession, Plaintiff has failed to plead facts indicating a lack of probable cause or that the searches of his wallet and car based on a warrant derived from that probable cause or made incident to his arrest hinged on that probable

cause were improper. Consequently, Plaintiff's false arrest, false imprisonment, malicious prosecution,[3] and unlawful search claims must be dismissed without prejudice at this time.

Plaintiff also asserts that he has been subjected to selective prosecution. "A decision to prosecute is selective and violates the right to equal protection when it is made on a discriminatory basis with an improper motive." *Morris v. Verniero*, 453 F. App'x 243, 246 (3d Cir. 2011) (quoting *United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989)). Pleading such a claim at a minimum requires allegations that similarly situated persons were not subjected to prosecution under analogous circumstances. *Id.* Plaintiff has pled no facts suggesting that similarly situated persons were not prosecuted or that the decision to prosecute him was made on a discriminatory basis. He has thus failed to plead a plausible claim for selective prosecution and that claim is therefore dismissed without prejudice at this time.

Plaintiff next seeks to assert a medical claim based on his vaguely asserted "medical emergency" during police interrogations. The medical claims of pretrial detainees are evaluated under a Fourteenth Amendment standard which requires that the plaintiff plead facts indicating that the defendants were deliberately indifferent to the plaintiff's serious medical needs. *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). Although Plaintiff asserts in his complaint that he experienced some kind of "medical emergency," he does not allege what this incident was, whether his need for care was clear, or how the officers responded to his issue. Without allegations sufficiently identifying that Plaintiff had a clear and serious medical need, and further facts showing Defendants were aware of and disregarded that need, Plaintiff has

---

[3] The Court further notes that Plaintiff's criminal proceedings are ongoing, and have not terminated in his favor. This, too, requires the dismissal of his malicious prosecution claim. *See Halsey*, 750 F.3d at 296-97.

6

failed to plead a plausible medical claim for relief. Plaintiff's deliberate indifference claim is therefore dismissed without prejudice.

In his remaining claims, Plaintiff seeks to raise Due Process claims related to his ongoing state criminal proceedings, including allegations of discovery violations and the denial of a right to a fair trial. To the extent these claims are truly separate from Plaintiff's *Miranda* related claim, these claims essentially ask this Court to interfere in Plaintiff's ongoing criminal case. This Court, however, may not interfere in Plaintiff's ongoing criminal proceedings pursuant to the *Younger* abstention doctrine. *See ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014); *see also Younger v. Harris*, 401 U.S. 37 (1971); *PDX N., Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020); *Duran v. Weeks*, 399 F. App'x 756, 758-59 (3d Cir. 2010). This Court thus must abstain from hearing any claim which would require the Court to interfere in Plaintiff's criminal case, such as claims asserting that he is being denied a fair trial or being subjected to violations of the State's criminal discovery obligations. The Court therefore declines to consider those claims, and dismisses them without prejudice at this time. As all of Plaintiff's claims will be dismissed without prejudice, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE