**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOELLE P. JACKSON,<br><br>                Plaintiff,<br><br>                v.<br><br>GEORGE PETERSON, *et al.*,<br><br>                Defendants. | Civil Action No. 24-9205 (MAS) (JBD)<br><br>OPINION |

**SHIPP, District Judge**

      This matter comes before the Court on Plaintiff Joelle P. Jackson's amended complaint. (ECF No. 5.) Because the Court previously granted Plaintiff *in forma pauperis* status in this matter, the Court is required to screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

      On November 22, 2022, at approximately 6:30 p.m., Plaintiff went to the locked door of the public lobby of the Hopewell Township Police Department. (*See* ECF No. 5-3 at 1.) The dispatcher who was watching the office desk at the time buzzed Plaintiff into the locked lobby when Plaintiff stated that he needed to speak to an officer. (*Id.*) The dispatcher asked him why he needed an officer, and Plaintiff stated that he needed police to "get [his] father off the kitchen

floor" of his apartment. (*Id.*) The dispatcher asked what was wrong with his father, and Plaintiff admitted that he "stabbed him to death." (*Id.*) Plaintiff was told not to move, and officers came to speak with Plaintiff. (*Id.* at 2.) Plaintiff recounted further details of the killing during the ensuing conversation but before any official interrogation had begun. (*Id.*) During an ensuing interrogation, Plaintiff thereafter made several more incriminating statements. (*Id.* at 3-26.) Plaintiff was ultimately arrested, charged, and indicted for the murder of his father. (ECF No. 5-2.) The details gleaned also led to a search of Plaintiff's father's car and apartment, which produced further evidence of his guilt. (*Id.* at 8-9.)

During his ongoing criminal proceedings, Plaintiff filed a motion to suppress his statements, arguing that they were not voluntary and taken in violation of his *Miranda* rights. (ECF No. 5-4.) As a result of that motion, the state court trial judge suppressed various statements and admissions made by Plaintiff after he invoked his right to counsel, but permitted the state to use Plaintiff's statements to the dispatcher and police prior to asking for counsel as those statements were "voluntary in all respects." (*Id.* at 13.)

Plaintiff now seeks to raise claims for the knowing use of a coerced confession, malicious prosecution, selective prosecution, alleged *Brady* violations, improper search and seizure related to the search of his father's car and the seizure of his wallet. In addition, Plaintiff seeks to raise a claim for deliberate indifference to medical needs. According to Plaintiff, the officers ignored his needs when they failed to give him a psychological evaluation when he described the murder of his father as him going "nuts." (ECF No. 5-1 at 4-5.)

II.    **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's amended complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

2

relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. **DISCUSSION**

In his amended complaint, Plaintiff chiefly complains that his *Miranda* rights were not respected when he requested counsel during his police interrogation and that he was "coerced" into giving an involuntary confession. *Miranda* and its progeny concerning proper warnings prior to custodial interrogation announced prophylactic rules designed to protect a criminal defendant's rights. That police did not respect the *Miranda* rule itself, however, is not a violation of a prisoner's constitutional rights. A violation of a defendant's right against self-incrimination and related rights occurs only when an allegedly improper confession is used against the defendant *at trial*. *See Chavez v. Martinez*, 538 U.S. 760, 773 (2003); *Renda v. King*, 347 F.3d 550, 557 (3d Cir. 2003); *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994); *see also Large v. County of Montgomery*, 307 F. App'x 606, 607 (3d Cir. 2009). Here, Plaintiff's admissions and attached documents indicate that at least part of his confession—including his initial admission to a police dispatcher of having killed his father after Plaintiff voluntarily went to the police station—was entirely voluntary and not a product of police interrogation. The state trial court also suppressed much of the remainder of Plaintiff's confession after his invocation of his right to counsel. Given the suppression of the improper interrogation, and the fact that Plaintiff's trial has not yet taken place and thus his statements have yet to be used against him at trial, Plaintiff fails to state a cognizable claim for relief under the Fifth Amendment based on the use of his confession against him in initial proceedings and in obtaining various warrants.[1]

---

[1] Because Plaintiff has not shown a violation of his Fifth Amendment rights, his derivative claims asserting supervisory liability, failure to intervene to stop a Fifth Amendment violation, and failure to train to prevent such violations in turn also fail to state a plausible claim for relief as each rests on the assertion of an underlying Fifth Amendment violation of Plaintiff's right against self-incrimination which has yet to occur.

As in his original complaint, Plaintiff also attempts to recharacterize his *Miranda* claim as a substantive due process claim. A substantive due process claim related to a coercive interrogation requires that a plaintiff plead facts indicating government behavior that is so egregious and outrageous so as to shock the conscience. In the interrogation context, this requires allegations that the plaintiff was subjected to improper techniques such as extended isolation, torture, involuntary medical procedures, physical abuse, or the like. *See Callaway v. N.J. State Police Troop A*, No. 12-5477, 2015 WL 1202533, at *4 (D.N.J. Mar. 17, 2015). From Plaintiff's allegations and the attached documents, it appears that the only impropriety here was a failure to respect Plaintiff's *Miranda* rights, which is insufficient to support a claim for a substantive due process violation. Because Plaintiff has not otherwise alleged sufficiently conscience shocking behavior by the police during his interrogation, he fails to state a plausible claim for relief under the Substantive Due Process Clause, and his claim under that clause shall be dismissed without prejudice.

Plaintiff also seeks to raise claims for malicious prosecution, false arrest, and improper search and seizure related to the events that occurred as a result of his confession. Each of these claims requires, *inter alia*, that a plaintiff plead facts suggesting that the officers lacked probable cause to arrest, search, imprison, or charge the plaintiff. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (malicious prosecution); *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (false arrest); *Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (false imprisonment); *see also Gomez v. Markley*, 385 F. App'x 79, 82-83 (3d Cir. 2010) (Fourth Amendment prohibits warrantless unreasonable searches; a search made without a warrant is generally unreasonable absent probable cause to suspect evidence of criminality).

Plaintiff, prior to any interrogation or arrest whatsoever, directly admitted to a police dispatcher seeking to help him after he voluntarily went to the police station that he had stabbed

his father to death. That admission, even if later recanted, and the results of the interrogation arising from that admission, were sufficient to give the police and other officials probable cause to arrest Plaintiff, charge Plaintiff with the death of his father, and seek a warrant to search his father's home and car. The facts clearly indicate that the officers had probable cause and Plaintiff, therefore, fails to state a plausible claim for relief for each of these claims. The Court further notes that Plaintiff's malicious prosecution claim also fails because Plaintiff's criminal proceedings are ongoing and he thus cannot show that his criminal charges terminated in his favor. *See Halsey*, 750 F.3d at 296-97 (plaintiff in malicious prosecution case must plead facts indicating his charges terminated in his favor to state a claim for relief).

Plaintiff also alleges that he was deprived of his property when his wallet and the money it contained were confiscated during his arrest. "[W]here a state actor deprives an individual of property without authorization, either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available. *See Hudson v. Palmer*, [468 U.S. 517, 530-36] (1984); *Parratt v. Taylor*, [451 U.S. 527, 543-44] (1981), *overruled in part on other grounds*, *Daniels v. Williams*, [474 U.S. 327] (1986)." *Love v. N.J. Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015). The State of New Jersey provides a meaningful post-deprivation remedy in the form of the New Jersey Tort Claims Act. *Id.* Even where a deprivation of property occurs from established state procedures and policies, the Due Process clause does not universally require pre-deprivation process. *See Reynolds v. Wagner*, 936 F. Supp. 1216, 1228 (E.D. Pa. 1996) ("Admittedly, there is no pre-deprivation remedy. Such a remedy, however, is not always necessary every time a loss occurs stemming from an established governmental policy."), *aff'd*, 128 F.3d 166 (3d Cir. 1997); *see also Dantzler v. Beard*, No. 09-275, 2010 WL 1008294, at *8-9 (W.D. Pa. Mar. 15, 2010); *Williams v. Healy*, No. 08-2389, 2012 WL 2594348, at *16 (D.N.J. July

5, 2012) (citing *Dantzler* with approval). Where pre-deprivation process would be impossible or impractical, a deprivation of property will not amount to a constitutional violation where a sufficient post-deprivation remedy is available. *Dantzler*, 2010 WL 1008294, at *9; *see also Monroe v. Beard*, 536 F.3d 198, 209-10 (3d Cir. 2008); *Barr v. Knauer*, 321 F. App'x 101, 103 (3d Cir. 2009).

Here, Plaintiff asserts that his wallet and some money within the wallet were seized from his person, presumably during his arrest. Although Plaintiff asserts there was no process prior to this seizure, this point is actually unclear. If the wallet was seized during Plaintiff's arrest pursuant to a warrant, which appears to be the case from the amended complaint, the warrant itself amounts to a procedural hurdle to the seizure's occurrence. In any event, the provision of pre-deprivation process beyond the acquisition of an arrest warrant is entirely impractical in relation to the seizure of an inmate's wallet and money during an arrest. Moreover, because Plaintiff has post-deprivation remedies available, either through motions to the criminal court in his criminal matter or through recourse to the New Jersey Tort Claims Act and its procedures after his criminal case is concluded, Plaintiff's amended complaint fails to state a plausible claim for relief for a deprivation of property in the form of his seized wallet.

Plaintiff next asserts that he has been subjected to selective prosecution. "A decision to prosecute is selective and violates the right to equal protection when it is made on a discriminatory basis with an improper motive." *Morris v. Verniero*, 453 F. App'x 243, 246 (3d Cir. 2011) (quoting *United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989)). Pleading such a claim at a minimum requires allegations that similarly situated persons were not subjected to prosecution under analogous circumstances. *Id.* Plaintiff suggests that he was only charged and arrested because he was black. Plaintiff, however, has identified no instances in which a non-black individual was not charged or arrested under similar circumstances – i.e., after directly and

7

voluntarily admitting to having stabbed someone to death. Plaintiff thus once again fails to state a claim for relief for selective prosecution.

Plaintiff next seeks to assert a medical claim based on his vaguely asserted "medical emergency" during police interrogations. The medical claims of pretrial detainees are evaluated under a Fourteenth Amendment standard which requires that a plaintiff plead facts indicating that the defendants were deliberately indifferent to the plaintiff's clear or obvious serious medical needs. *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). Here, Plaintiff bases his claim on the idea that the police should have immediately ordered a psychological evaluation after he told them that his killing his father was the result of him temporarily going "nuts." Nothing Plaintiff has pled or attached to his amended complaint, however, suggests that he was undergoing a psychological event at the time he admitted his crime to police, and Plaintiff appears to admit himself that his alleged psychotic break was at or near its end. It was not clear or obvious that Plaintiff was so mentally ill as to require an immediate evaluation during his initial encounter with the police and Plaintiff has not pled that he has been diagnosed with a clear and serious psychological issue of which the police were aware. Plaintiff, therefore, fails to adequately allege that police were deliberately indifferent to his medical needs, even assuming Plaintiff was sufficiently in custody at the time that the duty to provide medical care had attached.

Plaintiff also seeks to raise Due Process claims, including allegations of *Brady* and other discovery violations, and Plaintiff alleges that he is being denied the right to Due Process and a fair trial in his ongoing state criminal proceedings. These claims essentially ask the Court to at least indirectly interfere in Plaintiff's ongoing criminal case. This Court, however, may not interfere in Plaintiff's ongoing criminal proceedings pursuant to the *Younger* abstention doctrine. See *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014); *see also Younger v.*

*Harris*, 401 U.S. 37 (1971); *PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020); *Duran v. Weeks*, 399 F. App'x 756, 758-59 (3d Cir. 2010). This Court must abstain from hearing any claim that would require the Court to interfere in Plaintiff's criminal case, such as claims asserting that Plaintiff is being denied a fair trial or being subjected to violations of the State's criminal discovery obligations. The Court thus declines to consider those claims, and dismisses them without prejudice. As all of Plaintiff's claims will be dismissed without prejudice, Plaintiff's amended complaint shall be dismissed without prejudice in its entirety.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE